UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-09672-RGK-MBK | Date | January 6, 2026 |
|---|---|---|---|
| Title | *Stephen M. Farmer v. Foot Locker Retail, Inc. et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Plaintiff's Motion to Remand the Case to Los Angeles Superior Court [24]

## I.   INTRODUCTION AND BACKGROUND

On August 7, 2025, Stephen M. Farmer ("Plaintiff") initiated this action in California state court against Foot Locker Retail, Inc. ("Foot Locker") and "Employee Doe" (collectively, "Defendants"), asserting state law claims. (ECF No. 1-1.) On October 9, 2025, Foot Locker removed the action to this Court based on diversity jurisdiction. (ECF No. 1.)

On November 7, 2025, Plaintiff filed the operative Corrected First Amended Complaint ("FAC"), identifying "Employee Doe" as "Employee Sam." (ECF No. 16.) In the FAC, Plaintiff asserts that he is a citizen of California, Foot Locker is a citizen of New York, and "Employee Sam," who worked at one of Foot Locker's California stores, is a citizen of California. Plaintiff has not brought any claims under federal law.

Presently before the Court is Plaintiff's Motion to Remand the Case to Los Angeles Superior Court. (ECF No. 24.) For the following reasons, the Court **DENIES** Plaintiff's Motion.

## II.   JUDICIAL STANDARD

Defendants may remove when a case originally filed in state court presents a federal question or is between citizens of different states and involves an amount in controversy that exceeds $75,000. 28 U.S.C. § 1441(a)–(b). The defendant removing the case to federal court bears the burden of establishing the jurisdictional facts, which, for diversity jurisdiction, includes the amount in controversy and complete diversity of the parties. *Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 682–83 (9th Cir. 2006). If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-09672-RGK-MBK | Date | January 6, 2026 |
|---|---|---|---|
| Title | *Stephen M. Farmer v. Foot Locker Retail, Inc. et al* | | |

Where a plaintiff contests a jurisdictional fact, the defendant must establish that fact by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). Courts must "strictly construe the removal statute against removal jurisdiction" and must remand an action "if there is any doubt as to the right of removal in the first instance." *Id.* at 566.

### III.   DISCUSSION

In his Motion to Remand, Plaintiff argues the Court lacks subject matter jurisdiction because Plaintiff and "Employee Sam" are both California citizens. Foot Locker disagrees, arguing that "Employee Sam" is a fictitious name and thus insufficient to destroy complete diversity.

Under Section 1332(a), district courts shall have diversity jurisdiction of civil matters between citizens of different states and where the amount in controversy exceeds $75,000. 28 U.S.C.A. § 1332(a). The statute governing removal of cases to federal court states plainly that "in determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." 28 USC § 1441(b). Here, the information that Plaintiff has provided about Employee Sam is his first name, a description of his physical appearance, that he allegedly worked at Foot Locker's California store on the day of the incident, and that he was involved with the incident in question. Plaintiff then concludes that Employee Sam is a citizen of California because he worked at a California Foot Locker store. However, this conclusory allegation does not absolve Plaintiff of his responsibility to properly name the defendant in the complaint. Although Sam may be the actual first name of Plaintiff's alleged defendant, the fact remains that Employee Sam's full identity or other pertinent information is not identified in the FAC, thus leaving Employee Sam a fictitious defendant.[1] Given the plain language of Section 1441, the Court defers the jurisdictional question until actual parties with California citizenship are substituted.[2] *See W. Dental Servs., Inc. v. Media Direct Inc.*, 2019 WL 6998762, at *4 (C.D. Cal. July 19, 2019) (denying a motion to dismiss for lack of subject matter jurisdiction because fictional defendants did not destroy diversity and did not divest the district court of jurisdiction).

---

[1] After filing this Motion to Remand, Plaintiff has apparently learned the full identity of Employee Sam, identifying him in the Reply brief as Sam Rodriguez. (Reply at 3, ECF No. 41.) On December 19, 2025, Plaintiff filed a Motion to Amend the FAC to identify Sam Rodriguez as a defendant. (ECF No. 46.) However, since Sam Rodriguez is not currently named as a defendant in this action, Employee Sam remains fictitious as of this Order.

[2] The Court is aware that there are non-binding district court cases holding that a sufficiently identified fictional defendant may be considered when analyzing diversity jurisdiction for removal. As this Court has previously held, the Court is unable to reconcile those holdings with the plain language of Section 1441 and therefore declines to follow them. *See Bee v. Walmart Inc.*, 2022 WL 782382 (C.D. Cal. Mar. 15, 2022) (holding the same).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-09672-RGK-MBK | Date | January 6, 2026 |
|---|---|---|---|
| Title | *Stephen M. Farmer v. Foot Locker Retail, Inc. et al* | | |

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Remand.

**IT IS SO ORDERED.**

|  |  :  |
|---|---|
| Initials of Preparer | JRE/gz |